**AFFIRMED; Opinion Filed March 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00201-CR

**JUAN RAMON TORRES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1126661-H**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Evans
Opinion by Justice Evans

A jury convicted Juan Ramon Torres of indecency with a child and sentenced him to fifteen years' imprisonment. In a single issue, appellant complains his defense counsel was ineffective during the punishment phase of trial. We affirm the trial court's judgment.

BACKGROUND

At trial, complainant E.H. testified that from kindergarten through third grade, she went to appellant's home after school where appellant's wife babysat her, her younger sister M.H., and other children. E.H. usually watched television by herself in appellant and his wife's bedroom. E.H. testified that when she was six years old, appellant came into the bedroom and put his hand inside her underwear and touched her. Appellant did this about five to ten times that year. She did not tell anyone because she was afraid she would get in trouble. After that, E.H. avoided

being alone with appellant. About eight years later, after E.H.'s mother came to her upset and asked if appellant had ever touched her, E.H. told her mother what appellant had done. Appellant testified in his own defense. He denied that E.H. was ever in his bedroom or that he had ever touched her "in a sexually inappropriate way."

After returning a guilty verdict, the jury heard evidence on punishment. K.R. was the first witness to testify. She testified that she had met E.H. and M.H. at appellant's home where she was babysat by appellant's wife when she was in the third grade.[1] According to K.R., appellant would kiss her on the lips. K.R. also recounted an incident where appellant put his hand down her shirt and rubbed her breasts, told her not to tell anyone, and then tapped her crotch. K.R. testified to another incident that occurred while she was playing hide and seek with her friends outside appellant's house.

Question: Do you remember what you were doing [in the building]?

Answer: Yes. My friends and I were playing. We were playing hide and seek and – can I say names?

Question: Sure.

Answer: Okay. [M.H.] from – now I know she was abused too.

Defense counsel: Objection.

The Court: Sustained. The jury will disregard the last comment.

Question: I'm going to ask you some questions and then just answer my questions.

Answer: Okay.

K.R. then explained how appellant, who was in the building where she was hiding, picked her up, wrapped her legs around his waist and began "humping" her and "kissing" her. In

---

[1] K.R. was 18 years old when she testified at the trial.

2006, K.R. told her mother about what appellant did to her. K.R. testified charges were brought against appellant based on his conduct with her but he was found "not guilty" by a jury.

M.H. was the next witness to testify at punishment.[2] She stated that when she was six, she was watching television in the living room of appellant's home when appellant told her to go into his son's bedroom. After she complied with his request, appellant followed her in, locked the door, and laid her on her stomach on the bed. He then pulled down her pants and underwear, spread her legs, and touched her anus with his penis. M.H. kicked him, put her clothes on, and left. In 2011, M.H. told her friends, a counselor, and ultimately, her mother what had happened with appellant. M.H.'s disclosure led her mother to question E.H. who revealed she was abused by appellant. E.H. and M.H.'s father also testified for the State. He explained that the abuse had changed his daughters and that a person like appellant "cannot be free."

Appellant, several of his family members and friends, and his pastor, all testified on appellant's behalf. Many of these witnesses did not believe E.H., K.R., and M.H. were telling the truth about appellant and requested that appellant be given probation. A community supervision officer testified as to what probation entails and what special conditions could be part of appellant's probation. After hearing all the evidence, the jury assessed a fifteen-year sentence. Although appellant filed a motion for new trial, he did not raise an ineffective assistance complaint and therefore the record is silent as to counsel's trial strategy.

## ANALYSIS

In his sole issue, appellant contends he received ineffective assistance of counsel because defense counsel did not move for a mistrial after K.R. made the unsolicited remark that, "[M.H.] from – now I know she was abused too." Appellant asserts that counsel's failure to request a mistrial now precludes him from raising an issue on appeal with respect to this objectionable

---

[2] M.H. was twelve years old at the time of trial.

testimony. He further asserts the trial court would have probably granted a mistrial and the proceeding would have ended before M.H. testified.

To prevail on an ineffective assistance of counsel claim, appellant must show counsel's performance fell below an objective standard of reasonableness and a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Hernandez v. State,* 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). The record must be sufficiently developed to overcome the strong presumption of reasonable assistance. *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App.). In general, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). We presume a sound trial strategy in the absence of evidence of counsel's strategic motives. *Thompson*, 9 S.W.3d at 813–14. We may not reverse for ineffective assistance when counsel's actions or omissions may have been based on tactical decisions, but the record does not explain the reasons for counsel's decisions. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We should find ineffective assistance as a matter of law, however, when no reasonable trial strategy could justify trial counsel's conduct, regardless of whether the record adequately reflects his subjective reasons for the conduct in question. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). Thus, absent an opportunity for trial counsel to explain his conduct, we should not find ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The failure to request a mistrial can only constitute ineffective assistance if a mistrial should have been granted. *See Weinn v. State*, 281 S.W.3d 633, 641 (Tex. App.—Amarillo

–4–

2009, *aff'd*, 326 S.W.3d 189 (Tex. Crim. App. 2010). A trial court may exercise its discretion to grant a mistrial if an impartial verdict cannot be reached or the verdict would have to be reversed on appeal due to an obvious procedural error. *Id.* at 642 (citing *Wood v. State,* 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). Moreover, a timely instruction to disregard will cure most improper evidence placed before the jury because we presume the jury will follow the judge's instructions. *See Gamboa v. State,* 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Here, the record reflects that as soon as K.R. uttered the comment about M.H., the trial court instructed the jury to disregard it. There is nothing in the record to suggest that the jury did not comply with the trial court's instruction. The subject of M.H.'s abuse did not come up again until M.H. herself testified. Therefore, we cannot say that the trial court's denial of a motion for mistrial, if made, would have been error. *See Wood,* 18 S.W.3d at 648. Moreover, even if a mistrial had been declared, there is nothing to indicate that M.H. would not have testified at any subsequent punishment hearing. Accordingly, the failure to request a mistrial was not an act of ineffective assistance of counsel. *See Weinn,* 281 S.W.3d at 642. Based on the record before us, neither prong of the *Strickland* test has been satisfied. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.

/David Evans/
Do Not Publish        DAVID EVANS
Tex. R. App. P. 47       JUSTICE

130201F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JUAN RAMON TORRES, Appellant

No. 05-13-00201-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1126661-H.
Opinion delivered by Justice Evans,
Justices Moseley and Bridges participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 6th day of March, 2014.


/David Evans/
DAVID EVANS
JUSTICE